Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Mark Arthur Culberson** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Betty Joan Culberson** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | **18-01370** | |
| (If known) | | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☑ Post-confirmation modification
Sections 2.1, 3.3, and 3.5

District of South Carolina
# Chapter 13 Plan

12/17

## Part 1:    Notices

To Debtor(s):    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

## Part 2:    Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$1,650.00 per **Month** for **6** months
$1,400.00 per **Month** for **51** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Mark Arthur Culberson**  **Betty Joan Culberson** | Case number | **18-01370** |
|---|---|---|---|

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

- ☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- ☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

    *Insert additional claims as needed*
- ☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

    *Insert additional claims as needed*

| Debtor | **Mark Arthur Culberson** | Case number | **18-01370** |
|---|---|---|---|
| | **Betty Joan Culberson** | | |

**3.2** Request for valuation of security and modification of undersecured claims. *Check one.*

☑ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*
☑ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4** Lien avoidance.

*Check one.*
☑ None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5** Surrender of collateral.

*Check one.*
☐ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| | 2004 Hyundai XG 55,000 miles |
| | VIN: KMHFU45EX4A363105 |
| Carolina Car Credit | (Allstate Insurance Proceeds) |
| | 2016 Honda Pilot 122,000 miles |
| | VIN: 5FNYF5H18G8017622 |
| Grow Financial | (surrender) |
| | 36" eXMark Commercial Stand Behind Lawn Mower |
| Synchrony Bank/EXMark | (surrender) |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** Attorney's fees.

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be

| Debtor | **Mark Arthur Culberson** | Case number | **18-01370** |
|---|---|---|---|
|  | **Betty Joan Culberson** |  |  |

        entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $\_\_\_\_ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $\_\_\_\_ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

    *Check one.*

    ☑    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

    ☐    **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

        a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $\_\_\_\_ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

        b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

        c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

    *Check one.*
    ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

    Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

    ☑    The debtor estimates payments of less than 100% of claims.
    ☐    The debtor proposes payment of 100% of claims.
    ☐    The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

    ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Debtor | **Mark Arthur Culberson** | Case number | **18-01370** |
|---|---|---|---|
|  | **Betty Joan Culberson** |  |  |

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor as stated below:
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ Other. The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
☐ None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**8.1(a)** Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. In Operating Order 18-4, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan. <u>Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.</u>

**8.1 (b) Mortgage payments to be disbursed by the Trustee ("Conduit"):**
Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE* * (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Debtor | **Mark Arthur Culberson** | | | Case number | **18-01370** |
|---|---|---|---|---|---|
| | **Betty Joan Culberson** | | | | |

| Ditech Financial | House and lot located at 405 Corey Blvd. Summerville, SC 29483<br><br>TMS #144-04-11-027 | $1,043.02<br><br>Escrow for taxes:<br>☒ Yes<br>☐ No<br><br>Escrow for insurance:<br>☒ Yes<br>☐ No | $37.00<br>Or more | $6,326.04 | $111.00<br>Or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available. See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

8.1(c) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§542, 543, 544, 547 AND 548

8.1(d) The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

8.1(e) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

8.1(f) DEBTOR CERTIFICATION

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:

(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and

(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

| Debtor | **Mark Arthur Culberson**<br>**Betty Joan Culberson** | Case number | **18-01370** |
|---|---|---|---|

## Part 9: Signatures:

**9.1 Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X *Mark Arthur Culberson*  
**Mark Arthur Culberson**  
Signature of Debtor 1  

Executed on  11-27-18

X *[signature]*  
**Robert R. Meredith, Jr. 6152**  
**Elizabeth R. Heilig 10704**  
Meredith Law Firm, LLC  
4000 Faber Place Drive, Suite 120  
North Charleston, SC 29405  
843-529-9000 (p)  
843-529-9907 (f)  

X *Betty Joan Culberson*  
**Betty Joan Culberson**  
Signature of Debtor 2  

Executed on  11-27-18

Date  11/27/18

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
 )   CASE NO: 18-01370-jw
Mark Arthur Culberson )
Betty Joan Culberson )
405 Corey Blvd )   CHAPTER 13
Summerville, SC 29483 )
SSN xxx-xx-1130 )
SSN xxx-xx-8905 )
 )
           DEBTORS. )
 )

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice of Plan Modification After Confirmation, Amended Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**

James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 11/30/18

Katie Hoehn, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 18-01370-jw<br>District of South Carolina<br>Charleston<br>Fri Nov 30 14:53:19 EST 2018 | ACS Primary Care Physicians SE PC<br>PO Box 740022<br>Cincinnati OH 45274-0022 | Ashley Funding Services, LLC its successors<br>assigns as assignee of Laboratory<br>Corporation of America Holdings<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Barclays Card Service<br>PO Box 8833<br>Wilmington DE 19899-8833 | Sabrina E Burgess<br>Sherpy & Jones, P.A.<br>PO Box 2599<br>Lexington, SC 29071-2599 | CAROLINA CAR CREDIT<br>1016 NORTH MAIN ST<br>SUMMERVILLE SC 29483-6707 |
| Capio Partners<br>P.O. Box 3498<br>Sherman TX 75091-3498 | Capital One Services<br>PO Box 30285<br>Salt Lake City UT 84130-0285 | Carolina Car Credit<br>1016 N Main St<br>Summerville SC 29483-6707 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 | Chase Bank USA NA<br>Cardmember Service<br>PO Box 15298<br>Wilmington DE 19850-5298 | Convergent Outsourcing, Inc.<br>PO Box 9004<br>Renton WA 98057-9004 |
| Credit Collection Services<br>2 Wells Avenue<br>Newton Center MA 02459-3246 | Betty Joan Culberson<br>405 Corey Blvd<br>Summerville, SC 29483-2914 | Mark Arthur Culberson<br>405 Corey Blvd<br>Summerville, SC 29483-2914 |
| Ditech Financial<br>PO Box 6172<br>Rapid City SD 57709-6172 | Ditech Financial LLC fka Green Tree Servicin<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 | Doctors Care<br>PO Box 63418<br>Charlotte NC 28263-3418 |
| Dorchester County EMS<br>821 West 5th North Street<br>Summerville SC 29483-3847 | Dorchester County Treasurer<br>201 Johnston Street<br>Saint George SC 29477-2412 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| Fingerhut<br>PO Box 1250<br>Saint Cloud MN 56395-1250 | Grow Financial<br>Attn: Bankruptcy<br>Po Box 89909<br>Tampa FL 33689-0415 | Grow Financial Federal Credit Union<br>P.O. Box 89947<br>Tampa, FL 33689-0416 |
| Elizabeth R Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>N. Charleston, SC 29405-8585 | Elizabeth R Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston, SC 29405-8585 | Hummingbird Funds LLC<br>9790 N County Road K Ste 3<br>Hayward WI 54843-4251 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | LVNV Funding, LLC its successors and assigns<br>assignee of Echelon Capital Loan<br>Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Lending Club<br>71 Stevenson Street<br>Suite 300<br>San Francisco CA 94105-2985 |

MIDLAND FUNDING LLC
PO BOX 2011
Warren MI 48090-2011

Mariner Finance, Llc
1870 Executive Par
Cleveland TN 37312-2700

Robert R Meredith Jr.
Meredith Law Firm, LLC
4000 Faber Place Drive
Suite 120
Charleston, SC 29405-8585

Robert R. Meredith Jr.
4000 Faber Place Dr.
Suite 120
N. Charleston, SC 29405-8585

Robert R. Meredith Jr.
Meredith Law Firm, LLC
4000 Faber Place Drive, Ste 120
North Charleston, SC 29405-8585

Midland Credit Management, Inc
2365 Northside Drive Ste 300
San Diego CA 92108-2709

Pioneer Credit Company
PO Box 44490
Nottingham MD 21236-6490

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Rise
PO Box 101808
Fort Worth TX 76185-1808

Roehl Transport Inc.
Attn Accounts Receivables
PO Box 750
Marshfield WI 54449-0750

SC Department of Revenue
PO Box 12265
Columbia SC 29211-2265

Sears
PO Box 6282
Sioux Falls SD 57117-6282

South State Bank
PO Box 100115
Columbia SC 29202-3115

South State Bank
PO Box 6354
Fargo ND 58125-6354

Spotloan
PO Box 927
Palatine IL 60078-0927

Ashley Stanley
Hutchens Law Firm
P.O. Box 8237
240 Stoneridge Drive Suite 400
Columbia, SC 29210-8013

Syncb/Amazon
PO Box 965060
Orlando FL 32896-5060

Syncb/Care Credit
PO Box 965061
Orlando FL 32896-5061

Syncb/Lowes
Bankruptcy Department
PO Box 965060
Orlando FL 32896-5060

Syncb/Walmart
PO Box 965060
Orlando FL 32896-5060

Synchrony Bank/EXMark
Po Box 965064
Orlando FL 32896-5064

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
St. Louis MO 63166-0108

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK  73124-8838

Verizon Wireless Bankruptcy Admin
500 Technology Drive
Suite 550
Saint Charles MO 63304-2225

Wakefield & Associates
Attn: Bankruptcy
Po Box 441590
Aurora CO 80044-1590

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Elan Financial Service
Po Box 108
St Louis MO 63166

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Carolina Car Credit
1016 North Main Street
Summerville, SC 29483-6707

(u)Ditech Financial LLC

(u)Grow Financial Federal Credit Union

(d)Midland Funding LLC
PO Box 2011
Warren, MI 48090-2011

End of Label Matrix
Mailable recipients    57
Bypassed recipients     4
Total                  61